IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cynthia L.,[1] | Civil Action No.: 4:23-3260-BHH |
| Plaintiff, | |
| v. | **ORDER** |
| Martin O'Malley, Commissioner of Social Security Administration, | |
| Defendant. | |

This matter is before the Court on Plaintiff's ("Plaintiff") complaint filed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision, which denied Plaintiff's claim for disability insurance benefits and supplemental security income. The record includes the report and recommendation ("Report") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), D.S.C. In the Report, which was filed on March 12, 2024, the Magistrate Judge recommends that the Court reverse the Commissioner's decision and remand the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. Attached to the Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants only by their first names and last initials.

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

    Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the Court hereby adopts and incorporates the Report (ECF No. 15). Therefore, it is **ORDERED** that the Commissioner's decision denying benefits is reversed and the matter is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings, as outlined in the Report.

    **IT IS SO ORDERED**.

/s/Bruce H. Hendricks
United States District Judge

March 29, 2024
Charleston, South Carolina